UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANTHONY GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:13-cv-00146-SEB-WGH |
| | ) | |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding that Plaintiff Anthony Garner's disability had ended and terminating his entitlement to Disability Insurance Benefits ("DIB") under the Social Security Act. This case was referred to Magistrate Judge Hussmann for consideration. On June 20, 2014, Magistrate Judge Hussmann issued a report and recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the law. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

### Standard of Review

We review the Commissioner's termination of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v.*

1

*Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

# Factual Background[1]

In February 2007, Mr. Garner was involved in a serious car accident and suffered a traumatic brain injury. On June 25, 2007, the Social Security Administration ("SSA") approved Mr. Garner's initial application for DIB based on cognitive losses suffered by Mr. Garner as a result of the car accident.

In January and February 2011, George Jewell, Ph.D., a clinical neuropsychologist, evaluated Mr. Garner at the request of two of Mr. Garner's physicians. Upon examination, Dr. Jewell found significant improvement in Mr. Garner's conditions, but opined that Mr. Garner's fine motor speed and dexterity was "moderately slow" with his right hand and "extremely slow" with his left hand. Dkt. No. 8-14 at ECF at 11-12. Dr. Jewell opined that "[j]obs that allow him to set his own pace, take breaks as needed, and are somewhat repetitive would be best." *Id.* at ECF 12.

In assessing Mr. Garner's RFC, the ALJ summarized Dr. Jewell's report, acknowledging that Dr. Jewell "noted slowing of fine motor speed." Dkt. No. 8-2 at ECF 20. The ALJ also stated that he gave "some weight" to Dr. Jewell's report, explaining that he accepted Dr. Jewell's opinion that Mr. Garner could perform only relatively simple work with the flexibility to set his own pace and take breaks, but that Mr. Garner's daily activities and return to part-time work evidenced higher cognitive function than indicated by Dr. Jewell.

---

[1] Both of the parties provided complete recitations of the facts underlying the Commissioner's termination of Mr. Garner's benefits. Accordingly, we recount the facts here only as necessary to address Mr. Garner's objections to the Report and Recommendation.

The ALJ ultimately found that as of September 1, 2011, Mr. Garner

> had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except he can only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; he can never climb ladders, ropes, or scaffolds; he can only occasionally finger (fine manipulation) with his left, non-dominant, upper extremity; and he must avoid concentrated exposure to workplace hazards. He is limited to simple, routine, and repetitive tasks such as demonstrated by his recent past work (Hand Labeler), but no other past work. He is limited to work that does not require frequent verbal fluency. He cannot perform fast-paced work or work requiring strict production quotas. He is limited to simple, work-related decisions and he can tolerate only occasional changes in a routine work setting.

R. 18.

At Mr. Garner's hearing, Dr. Janice Bending testified as a vocational expert ("VE"). She testified that a person with Mr. Garner's RFC could work full time as an office helper, merchandise marker, or housekeeper. Dr. Bending explained that such jobs required occasional or frequent fingering only with one hand, so someone with Mr. Garner's limitations could perform them. The VE also testified that even in a position without the demands of a fast pace or strict production quotas, a worker could not remain employed if he worked so slowly that he produced less than a worker who was off task more than 10% of the time. Dkt. No. 8-2 at ECF 50-57.

The ALJ accepted the VE's testimony and found that Mr. Garner's RFC would enable him to perform work available in significant numbers in the national economy. The ALJ therefore found that as of September 1, 2011, Mr. Garner's disability had ended, rendering him ineligible for benefits. The SSA's Appeal Council subsequently denied

review, rendering the ALJ's decision the Commissioner's final decision on the termination of Mr. Garner's benefits.

**Discussion**

Mr. Garner objects to the Magistrate Judge's Report and Recommendation on one basis, arguing that the Magistrate Judge erroneously concluded that the ALJ properly considered the opinion of Dr. Jewell in making his RFC determination and concluding that significant jobs existed in the national economy that Mr. Garner could perform. Mr. Garner argues that, although the ALJ summarized Dr. Jewell's opinion in part, the ALJ failed to evaluate Dr. Jewell's finding that Mr. Garner's fine motor speed and dexterity were "moderately slow" with the right hand and "extremely slow" with the left hand. According to Mr. Garner, there is no indication in the ALJ's opinion regarding whether the ALJ accepted or rejected Dr. Jewell's findings related to fine motor speed and dexterity.

Upon careful review of the ALJ's decision, however, we agree with the Magistrate Judge's finding that the ALJ did properly consider and incorporate Dr. Jewell's opinions into his RFC determination. As the Magistrate Judge recognized, the ALJ expressly acknowledged that Dr. Jewell "noted slowing of fine motor speed," Dkt. No. 8-2 at ECF 21, and addressed Dr. Jewell's recommendations that Mr. Garner be limited to work without demanding performance standards and allowing flexibility to set his own pace and take breaks. *Id.* at 24.

Dr. Jewell's findings were also properly incorporated into the ALJ's RFC. Although the ALJ found that Mr. Garner could "occasionally finger" with his slower left

hand and placed no express limitation on Mr. Garner's ability to finger with his right hand, the ALJ determined that Mr. Garner "cannot perform fast-paced work or work requiring strict production quotas." *Id.* at ECF 19. We agree with the Magistrate Judge's finding that the ALJ thus did not ignore or neglect Dr. Jewell's medical opinion and that these limitations adequately accounted for Dr. Jewell's findings regarding Mr. Garner's motor speed and dexterity.

Mr. Garner argues that, based on Dr. Jewell's opinion, the ALJ should have found that Garner lacked the manipulation skills to produce as much as an employee who is off task more than 10% of the time, and thus, consistent with the VE's testimony, concluded that he remains disabled. But as the Magistrate Judge explained, while a different ALJ may have reasonably made that inference from Dr. Jewell's opinion, it is not within our purview to reweigh the evidence or substitute our own judgment for that of the ALJ. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) ("Because the Commissioner is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact …, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled.").

Accordingly, we find that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge lack merit. Therefore, Plaintiff's objections are OVERRULED and we adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation. Final judgment shall enter in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

Date: 03/30/2015

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov